DESPORTES v. HUNTER.

*IN RE* HUNTER v. RUFF and GAILLARD & BUCHANAN v. RUFF.

CERTIORARI.—This Court will not grant a writ of certiorari to a clerk of the Circuit Court, requiring the records of a case in that Court, which has been here on appeal, to be sent up for inspection by this Court.

Motion for writ of certiorari on the following petition :

To the Justices of the Supreme Court of the State of South Carolina: The petitioners would respectfully show: That Cyrus William Hunter, at the present time is not, and at the times hereinafter mentioned was not, a resident of the State of South Carolina, but a resident of the town of Jenestepe, in the Republic of Nicaragua, Central America, where he now resides, and that in the matters and things hereinafter mentioned, in the proceedings of *DesPortes* v. *Hunter*, he has never been brought within the jurisdiction of the Courts of this State, and that he, the said Cyrus William Hunter, has never waived his right to object to the jurisdiction, nor has he made any general appearance in said proceedings of *DesPortes* v. *Hunter*, but has always objected to the same, and does now make a special appearance only for the purpose of this motion and objections only, and reserves to himself all his rights. That the said Dr. Cyrus William Hunter was the son of Mrs. Anna F. Hunter, who departed this life testate, near the town of Ridgeway, in the county above named, on the        day of        , 1887.  That after divers trusts and duties in said will, enjoined upon her executors in and before and about the disposition of the various items of real and personal

property therein mentioned, and the payment of the debts, etc., she did nominate and appoint, as one of her executors, your petitioner, John R. Thomas, who, on the 17th day of November, 1887, duly probated the will of the said Anna F. Hunter, in the office of the judge of probate for Fairfield County, and became properly qualified by law to execute and administer the said estate. That subsequently to the probate of the said will as aforesaid, and within a short time after the death of the said Mrs. Anna F. Hunter, your petitioner is informed that Richard S. DesPortes, then a resident of the town of Ridgeway, of the said county of Fairfield, which said town of Ridgeway is about twelve miles distant from the county seat of said county, to wit: the town of Winnsboro, did attempt to commence an action against the said Cyrus William Hunter, on alleged service by publication, and on alleged attachment of the alleged property of Dr. Cyrus William Hunter by proceeding against him as a non-resident, and did obtain a judgment by default against the said Cyrus William Hunter, and did proceed to sell and dispose of, under the said alleged judgment, the land described in the sheriff's deed to Mr. A. F. Ruff. That there was no entry upon nor seizure of the said lands by the sheriff of Fairfield County on the day of the alleged attachment of the alleged real estate, and that said 28th day of December, 1887, he had the possession and control in his hands, as said executor, &c., of the said land, and that no service or attempted service was made upon your petitioner, nor any paper served upon him, nor left with him nor for him, upon said 27th day of December, 1887, before nor since, in any alleged suit of _DesPortes_ v. _Hunter_. But he is informed, and verily believes, that there was no service attempted upon him nor upon said land, but that the sheriff, in his said office of sheriff, in the court house, in the town of Winnsboro, distant from said land about twelve miles, did write out said alleged attachment, and make upon the back of said writ the said alleged return, and did not leave said office of sheriff, and there was no attempt made to find

out who was in possession of said tract; and he is informed, and verily believes, and so says, that no questions were asked about said possession, custody, or control, but, under the direction of the plaintiff's attorney, he, on the said 28th day of December, 1887, signed said return.    That said proceedings were the only alleged attachment attempted to obtain jurisdiction against the said non-resident, Cyrus William Hunter.    That said land was put up and sold under said alleged judgment, and bid in by Mr. J. E. McDonald, who subsequently transferred the bid to Mr. A. F. Ruff, in whose name, as purchaser, the deed was made. . That no possession, dominion or control as said executor was ever taken from your petitioner, J. R. Thomas, until after the alleged sale under said judgment.    That after due notice for the purpose, served upon the plaintiff, R. S. DesPortes, and upon the purchaser, A. F. Ruff, and a special appearance for the same only, a motion to vacate the judgment came on to be heard before Judge T. B. Fraser, at an extra term of Court for Fairfield County, held on the 23d day of November, 1891; and that, after hearing the arguments of Mr. Obear and Messrs. McDonald & Douglas for Mr. DesPortes, the plaintiff, and Mr. Ruff, the purchaser, the Judge reserved his decision until the 3d day of December, 1891, under which date his Honor signed his decree; which, after reciting, among other things, that "this order does not set aside the attachment, or the service of the attachment or the sale, nor dismiss the complaint, as these matters are not properly before me," says, "it is ordered and adjudged, that the judgment and execution above referred to be set aside for want of jurisdiction, and that the plaintiff have leave to proceed as he may be advised." That no further proceedings in said proceeding have ever been taken by the plaintiff, but that he was paid by the alleged sale of said land, and that his execution has been marked "satisfied." Nor did the said DesPortes or Ruff appeal from said order.    That a copy of said decree is hereto attached.    That he is informed that, in *obiter dictum*, the Judge does say that, beyond furnishing an

affidavit, Ruff was not made a party; whereas, in fact and in truth, he was made a party, and the record so declares, and he did appear by counsel. And, further alleging, your petitioners say, whether or not Ruff was or was not a party concerned the effect of said order only, and could not enter into the issues on the said proceedings to set aside the judgment and execution under the said proceedings of *Desportes* v. *Hunter.* That after the order of Judge Fraser was duly entered, and no appeal was taken therefrom, the said Dr. Cyrus William Hunter, for a valuable consideration, did, by his duly authorized agent, empowered under his hand and seal, according to the law of South Carolina, convey, grant, bargain, and sell to Henry A. Gaillard and Osmond W. Buchanan, their heirs, forever, in fee, one-half of the said land, by metes and bounds. That said judgment above mentioned against Cyrus William Hunter was void for lack of jurisdiction, and there was no service of any summons, nor was there any attachment, nor any matters by which any jurisdiction was acquired by the alleged void attachment proceedings, against the property in the possession of or under the control of your petitioner, John R. Thomas, as executor, before his duties concerning the estate had fairly commenced, before he had discharged his duty with reference to said land as said executor, and before he had been ordered by the judge of probate to make distribution and turn over to the devisees and legatees the property as required; and before any assent had been given to said distribution, and without any entry upon the said land, or service upon your petitioner. That the last place of residence of Cyrus William Hunter in this State was at Ridgeway, in the county of Fairfield, and that his residence at such place ceased upon his departure in the year 187 ; and that at such time and place, and for many years since the said year, Richard S. DesPortes and A. F. Ruff continued to do business at said town of Ridgeway. That the record in this matter will disclose that there was no jurisdiction over any person or subject-matter in the

Court at the time of said alleged judgment, nor was there
any dominion, control or possession of said property in
the Court at the time of said alleged attachment, and he
is informed by the certificate of the clerk of court, hereto
attached, that no entry of any such alleged attachment or
levy or execution has been made in the books of record of
attachments and levies in the office of said clerk of court
for Fairfield, nor has he been able to find one recorded in
any other book of the said office. And that the said alleged
purchase by Mr. A. F. Ruff of said land was a void purchase
under a void judgment; the Court never having had any
jurisdiction, and, therefore, Mr. Ruff could not properly be
the purchaser, in contemplation of section 156 of the Code,
which says: "But the title to property sold under such judg-
ment [meaning, of course, a valid judgment,] to a pur-
chaser in good faith shall not be thereby affected." That
said alleged land is unlawfully withheld from your peti-
tioners under the claim of said alleged judgment, and your
petitioners are deprived of their said property without due
process of law, and against the law of the land, and in di-
rect violation of the fourteenth amendment of the United
States Constitution. Wherefore, it is submitted that, un-
less relief be given now, in the discretion of the Court, as
provided by the Constitution of 1895, great injustice, harm,
and injury will result to these petitioners. That the said
act, or so much thereof (being a part of section 156 of the
Code) as refers to a purchaser in good faith, and its con-
struction herein, by which the said A. F. Ruff is allowed
to keep said property, it is respectfully submitted, is un-
constitutional, null, and void as applied to the sale made
under these circumstances. When the Court has neither
jurisdiction of the person, nor the subject-matter of defendant,
and undertakes to render judgment against him, even for
costs, the said Cyrus William Hunter, in whose behalf this
petition is presented, not having been within the jurisdic-
tion, and not having been served, nor any property of his
having been attached or placed under the power and do-

minion of the Court, as required by law, and the said Hunter not having waived at any time his right to object to the jurisdiction of the Court, and claiming his guaranties under the Federal Constitution, and the same not having been done for a public purpose, nor for any wrong committed on the part of Hunter, such judgment has the effect of taking the property of Hunter and giving the same over to A. F. Ruff without his consent and against his will. That it is respectfully submitted that this law, compelling claimant, Hunter, to resort to an action on a bond, as the policy of the law, and not to sue for the particular property so taken from him by these void proceedings, is contrary to the fourteenth amendment to the United States Constitution, and amounts to the taking of property without due process of law. That this law and the construction given to section 156 of the Code, impairs the obligations of a contract, whereby this property was held by the petitioner, Hunter, and that by that law, as expressed before the decision of the Court in this matter, such invalid provision was not construed as binding on the unserved owner of property, or as giving it to any alleged *bona fide* holder. And your petitioner begs to show that such land is held subject to the law and such provisions, and its construction, now invoked against your petitioner for the land so illegally sold to Ruff, is obnoxious to the United States Constitution prohibiting the impairment of the obligation of contracts. That your petitioners respectfully request and beg of your honorable Court, that they may be allowed to exhibit to your Honors the record in this case, which not merely shows, but shows affirmatively, that if its decisions are allowed to stand, they have the effect of taking that property away from your petitioners, in violation of the amendments already cited, whereby great injury has resulted, if acquiesced in by this Court. Further petitioning, they would say that your petitioners have not been guilty of any *laches* or delay, and that this matter is meritorious, and requires only the examination by the Court to see that the matters

herein stated are true. That no harm can result by the granting of this petition, inasmuch as Mr. Ruff has not had his premises taken away from him, and the said Dr. Cyrus William Hunter and Messrs. Gaillard and Buchanan are not in possession. That there is now no other remedy left to your petitioners to avoid the sacrifice of their property, through no default of theirs, save by these proceedings, and these proceedings alone. And, as a last resort, they humbly pray the privilege and right granted by the Constitution of the United States, and now, for this purpose only, they ask the examination of this record by a writ of *certiorari*. Out of abundance of caution, Mr. R. S. DesPortes has been made a party, although the record shows that he has been paid, and his execution marked "satisfied," of date 15th November, 1888, and although he was admittedly a party to the proceedings before Judge Fraser, wherein said alleged judgment and execution was set aside, and did not appeal from same. And your petitioners will ever pray, &c. J. R. Thomas, O. W. Buchanan, H. V. Gaillard, and Cyrus Wm. Hunter.

Nov. 22, 1897. The opinion of the Court was delivered by

Mr. Chief Justice McIver. This was a petition, entitled as above, addressed to this Court in the exercise of its original jurisdiction, which appears to be signed by J. R. Thomas, O. W. Buchanan, H. A. Gaillard, and Cyrus Wm. Hunter, and also by Ragsdale & Ragsdale, as attorneys for petitioners, praying that a writ of certiorari may be issued, requiring that the record in the cases mentioned in the title may be brought before this Court, in order that certain alleged errors in the decision of this Court, rendered on the 16th day of July, 1896, which it is claimed said record will disclose, may be corrected. The only papers which were submitted to us at the hearing of this application, were the petition, a copy of which should be incorporated in the report of this case, and a draft of a proposed order requiring Richard S. DesPortes and A. F. Ruff "to show cause at the

next ensuing term of this Court, upon the call of the calendar for the Sixth Circuit, why the writ of *certiorari* should not issue to the clerk of court for Fairfield County, requiring the said clerk to certify the records in the above stated causes agreeably to the prayer of the said petition, and for such other and further relief as to the Court may seem just."

On hearing the petition and the motion for a rule to show cause, an order was entered, on the 8th day of June, 1897, refusing the motion, and stating that the reasons for the conclusion reached by the Court would be stated in an opinion, thereafter to be filed. These reasons we now propose to state. Ordinarily, a motion for a rule to show cause is very much a matter of course, only requiring such a *prima facie* showing as is sufficient to show that there may be merit in the application. But this application being of a very unusual character, this Court felt it to be their duty to look into the records of this Court in the cases to which the petition refers, before taking any action in the matter. These records show that the two cases were actions for the recovery of real estate, both depending upon, practically, the same facts, and involving the same principles of law, and jury trial being waived, they were both heard and determined by his Honor, Judge Aldrich, who, in an elaborate decree, rendered judgment in favor of the plaintiffs in both of said cases. From these judgments the defendant, A. F. Ruff, appealed, and this Court, after full and careful consideration, rendered its unanimous decision, "that the judgment of the Circuit Court in each of the cases mentioned in the title of this opinion be reversed, and that the complaints in each of said cases be dismissed" (see *Hunter* v. *Ruff*, and *Buchanan* v. *Same*, 47 S. C., 525). The plaintiffs being dissatisfied with this judgment, applied for and obtained an order for a stay of *remittitur*, for the purpose of enabling them to file a petition for rehearing, which was accordingly done, and this Court, after mature consideration, dismissed said petition, and ordered that the stay of *remittitur* previously granted be revoked. In pursuance

17—51

of this order, the *remittitur* was sent down to the Circuit Court by the clerk of this Court, in accordance with its rules and practice, on the 28th day of November, 1896, and this Court thereby lost jurisdiction of these cases, as has been held in numerous cases. This being the condition of these cases, it seems to us that the application which we are called upon to consider is nothing more than an effort to obtain from this Court a review of its former decisions, solemnly rendered, and reaffirmed by the dismissal of the petition for rehearing. We know of no precedent or authority for such a proceeding, and none has been suggested to us.

Again, one of the avowed purposes of the writ of *certiorari* asked for is to bring up the record of these cases; but, so far as we can perceive, all of such record necessary to raise the questions suggested in the petition was before this Court when the cases were originally heard here, and there is no allegation or specification that any portion of such record was missing. Besides, under the rules and well settled practice of this Court, when the "Case" for appeal was prepared for argument, the petitioners had the right to have the whole, or at least such portions of the said record as were necessary to a proper understanding of the points in this case incorporated in the "Case" as prepared for argument here; and having failed to exercise such right at the proper time, it is too late now to claim any such right. But, as we have said, we do not see that any portion of the record was omitted, which was necessary to a full understanding of all the points raised, as well as the constitutional questions now sought to be raised. The case was heard on an agreed statement of facts and certain records—the order for judgment by his Honor, Judge Kershaw, and the papers in said judgment roll—the proceedings before his Honor, Judge Fraser, to set aside said judgment, and his order thereon, were all set out in the "Case" as prepared for argument here, and there is no suggestion in the petition of any omission. Indeed, every question now suggested in the petition was either raised or could and should have been raised at the hearing

of the appeal.   For while the constitutional questions suggested in the petition were not formally raised or argued, yet the Rules of this Court prescribe an easy mode by which such questions could, and, therefore, should, have been made, by giving notice that this Court would be asked to sustain the judgments appealed from upon such constitutional grounds; and the parties having failed to avail themselves of the mode thus provided at the proper time, and in the prescribed manner, certainly have no ground upon which this Court can be asked to repair their own omission by a writ of *certiorari*, or by any other proceeding recognized by the rules and practice of this Court.

It was, therefore, so apparent that there was no foundation whatever for such a proceeding as this—practically, an effort to obtain from this Court a review of its previous decision in a mode not recognized by law—that the Court felt no hesitation in granting the order above mentioned, refusing the motion for a rule to show cause.